1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN DUNN,                                No.  2:23-cv-0309 KJN P

12                   Plaintiff,

13          v.                                  ORDER

14    OFFICE F. RODRIGUEZ,

15                   Defendant.

16

17          Plaintiff is a state prisoner, proceeding pro se.  On March 9, 2023, plaintiff filed a request

18    to proceed in forma pauperis, along with his certified prison trust account statement.

19          For the reasons discussed below the undersigned defers ruling on plaintiff's request to

20    proceed in forma pauperis.  Plaintiff's complaint is legally frivolous and must be dismissed.

21    Therefore, the court grants plaintiff the option of voluntarily dismissing his case or filing an

22    amended complaint.[1]

23    _____

24    [1]  If plaintiff elects to file an amended complaint, he will be required to pay the court's filing fee.
      Under the Prison Litigation Reform Act, plaintiff is required to pay the statutory filing fee of
      $350.00 for this action, even if he is granted leave to proceed in forma pauperis.  28 U.S.C.
25    §§ 1914(a), 1915(b)(1).  If plaintiff is granted leave to proceed in forma pauperis, he will be
      assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1),
26    and prison officials will be directed to collect the initial partial filing fee from plaintiff's trust
      account and forward it to the Clerk of the Court.  Thereafter, plaintiff would be obligated to make
27    monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust
      account.  28 U.S.C. § 1915(b)(2).
28

                                                    1

1  Plaintiff's Complaint

2          Plaintiff alleges that on September 15, 2021, defendant F. Rodriguez, Correctional Officer

3  and Property Officer at California Health Care Facility, took possession of and inventoried

4  plaintiff's property when plaintiff was transferred to administrative segregation for non-

5  disciplinary administrative reasons.  Plaintiff objected that the inventory listed was incomplete

6  and defendant responded:

7                  I have your receipt for your property, and I inventoried everything.  I
           rolled up your property, and I'm giving you what I'm giving you, and
8          I'm keeping whatever I'm keeping.  I'm not saying anything about
           it, and you're not either.
9

10  (ECF No. 1 at 4.)  When plaintiff asked why not all of the books of stamps were documented,

11  defendant responded:  "I'm taking what I'm taking and giving you what I'm giving you."  (ECF

12  No. 1 at 5.)  When plaintiff asked about the law books, defendant said:  "You had a bunch of shit

13  you wasn't [sic] suppose[d] to have.   I'm not saying nothing about it, so you don't say nothing

14  either."  (Id.)  Plaintiff was subsequently transferred to California Medical Facility ("CMF") and

15  not issued his property until November 24, 2021, by the CMF property officer, who informed

16  plaintiff that his box No. 2 was missing.   Plaintiff discovered that about 742 books of stamps, six

17  law books, and over 312 photos were missing.  In addition to the valuable stamps, law books, and

18  irreplaceable photos, plaintiff was missing multiple documents signed by music producer Phil

19  Spector, who plaintiff took care of for months before Spector's death, as well as a notebook

20  detailing plaintiff's notes, prices, values, and records concerning this valuable property, which

21  plaintiff kept in a box under his bunk until he was moved to ad seg.  Plaintiff alleges that

22  defendant intentionally took plaintiff's property for his own financial gain in violation of

23  plaintiff's Fourteenth Amendment due process rights, and also alleges a state law claim for

24  conversion and theft under California's Tort Claims Act.  (ECF No. 1 at 7, 8.)

25          Plaintiff seeks money damages.

26  Screening Standards

27          The court is required to screen complaints brought by prisoners seeking relief against a

28  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

4      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

7  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

10  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

11  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

12  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

13  1227.

14      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

15  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

16  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

17  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

18  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

19  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

20  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

21  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

23  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

24  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

25  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

26  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

27  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

28  ////

3

1   Discussion

2           The United States Supreme Court has held that "an unauthorized intentional deprivation

3   of property by a state employee does not constitute a violation of the procedural requirements of

4   the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy

5   for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state

6   provides a meaningful post deprivation remedy, only authorized, intentional deprivations

7   constitute actionable violations of the Due Process Clause.  An authorized deprivation is one

8   carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall,

9   773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142,

10  1149 (9th Cir. 1987).  A state post-deprivation remedy may be adequate even though it does not

11  provide relief identical to that available under § 1983.  See Hudson, 468 U.S. at 531 n.11.

12          In the instant case, plaintiff has not alleged any facts which suggest that the deprivation

13  was authorized.  Although he alleges the property deprivation was intentional, it was not

14  authorized because he claims defendant stole the property for his own financial gain.  The

15  California Legislature has provided a remedy for tort claims against public officials in the

16  California Government Code, §§ 900, et seq.[2]  Because plaintiff has not attempted to seek redress

17  in the state system, he cannot sue in federal court on the claim that the state deprived him of

18  property without due process of the law.  The court concludes that this claim must, therefore, be

19  dismissed as legally frivolous.  See 28 U.S.C. § 1915(e)(2).

20          On the facts pled, plaintiff cannot amend his complaint to state a cognizable civil rights

21  claim based on the unauthorized theft of his property; therefore, the complaint must be dismissed.

22  Because plaintiff has already sustained significant financial loss, the court defers ruling on his

23  request for in forma pauperis status and defers the imposition of the court's filing fee inasmuch as

24  ////

25  _____

26  [2]  The Government Claims Act requires that a tort claim against a public entity, or its employees
    be presented to the California Victim Compensation and Government Claims Board.  Cal. Gov't
27  Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2.  (The Act was formerly known as the California
    Tort Claims Act.  City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007)
28  (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

plaintiff's remedy falls squarely under state law, requiring that this action be dismissed.  If plaintiff opts to voluntarily dismiss this action, the fee will not be imposed.

Leave to Amend

In his complaint, plaintiff claims the deprivation also affected his right to access the courts.  (ECF No. 1 at 9.)  This reference is vague and conclusory, and it is unclear whether plaintiff can amend to state a cognizable access to the courts claim because he alleged no actual injury to his court access.  However, because plaintiff has not had an opportunity to amend, he is granted leave to amend should he be able to allege facts that meet the standards governing an access to the courts claim.[3]

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.[4]  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague, and conclusory allegations of official

---

[3]  Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), abrogated on other grounds as recognized in Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

An inmate alleging a violation of this right must show that he suffered an actual injury. Lewis, 518 U.S. at 349-51. That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement.  See id. at 351; Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354-55.  Because actual injury is a jurisdictional requirement that may not be waived, an actual injury must be sufficiently alleged in order to state a claim for relief.  Nevada Dept. of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011), cert. denied, 132 S. Ct. 1823 (2012).

[4]  If plaintiff elects to amend, the filing fee must be imposed.  28 U.S.C. § 1915(b)(1).

participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The ruling on plaintiff's request for leave to proceed in forma pauperis is deferred.

1       2.  Plaintiff's complaint is dismissed.

2       3.  Plaintiff is granted thirty days to complete and file the attached Notice of Election

3   form, choosing whether to voluntarily dismiss this action or file an amended complaint in an

4   effort to raise an access to the courts claim.  Any amended complaint shall comply with this

5   order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the

6   Local Rules of Practice.  The amended complaint must also bear the docket number assigned to

7   this case and must be labeled "Amended Complaint."

8       4.  Failure to comply with this order will result in a recommendation that this action be

9   dismissed.

10  Dated:  April 24, 2023

11

12  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

13

14  /dunn0309.14n.26

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN DUNN,                              No.  2:23-cv-0309 KJN P

                    Plaintiff,
12

13         v.                                NOTICE OF ELECTION

14   F. RODRIGUEZ,

                    Defendant.
15

16         Plaintiff submits the following document in compliance with the court's April 2023 order.

17         _____      Plaintiff opts to voluntarily dismiss this case to pursue his

18                            state court remedies as to his property deprivation claim.

19         **OR**

20         _____      Plaintiff opts to file an Amended Complaint to attempt to

21                            state a cognizable access to the courts claim under the First

22                            Amendment.  The proposed amended complaint is attached.

23

24   DATED:

25

26                                           _____
                                             Plaintiff
27

28

                                             1