UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DUNN, | No. 2:23-cv-0309 KJN P |
| Plaintiff, | |
| v. | ORDER |
| OFFICE F. RODRIGUEZ, | |
| Defendant. | |

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint was dismissed, and plaintiff was offered the options of voluntary dismissal or to amending the complaint to attempt to state a cognizable First Amendment claim. In response, plaintiff did neither. Instead, plaintiff "stands" on his complaint, and seeks reconsideration. (ECF No. 8 at 1.)

As discussed below, the undersigned grants plaintiff's request for reconsideration, and, upon reconsideration, affirms the prior screening order, and grants plaintiff an extension of time to file an amended complaint.

Request for Reconsideration

Initially, plaintiff objects that this court failed to liberally construe plaintiff's allegations as required for cases filed by pro se litigants. While prisoners are entitled to a liberal construction

of their pro se allegations, this court is required to apply the law. Plaintiff claims that Hudson v. Palmer, 468 U.S. 517, 533 (1984), is "overly stringent and confining." (ECF No. 8 at 4). However, Hudson is binding Supreme Court authority which this court must follow.

Plaintiff is correct that the Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson, 468 U.S. at 532 & n.13 (citations omitted). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). But authorized deprivations of property are allowed if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

However, where, as here, the deprivation of property was not authorized, courts look at the available post deprivation remedies. As this court explained in the screening order, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." (ECF No. 7 at 4) (quoting Hudson, 468 U.S. at 517). The negligent or intentional unauthorized deprivation of property by a government employee does not give rise to a constitutional claim under § 1983 when adequate and meaningful post-deprivation remedies for the losses are available. Hudson, 468 U.S. at 517.

In his complaint, plaintiff alleges defendant intentionally deprived plaintiff of his valuable property, stealing the property for defendant's own financial gain. But this type of federal due process claim is not cognizable because defendant's actions were not authorized. "A Section 1983 cause of action does not exist for a random, unauthorized deprivation of liberty or property where adequate post-deprivation procedures are available under state law." King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). As the Court explained:

> Due process requires the state to provide a hearing at a meaningful time and in a meaningful manner. When the tortious loss of property is the result of a random, unauthorized act by a state employee, and

> not the result of some established state procedure, the state cannot provide a meaningful hearing before the deprivation takes place. Thus, post-deprivation proceedings are sufficient to meet due process standards. This analysis is applicable even where random deprivations of property by an individual state employee acting without authorization is intentional.

King, 782 F.2d 825, 827 (9th Cir. 1986) (internal quotations and citations omitted).

The Ninth Circuit has expressly held that California's post-deprivation remedy is adequate and thus will bar a plaintiff's § 1983 due process challenge. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 844.6, 900-15, and Hudson, 468 U.S. at 533); see also Stribling v. Wilson, 770 F. App'x 829, 830 (9th Cir. 2019) (same). "'It is immaterial whether or not [the inmate] succeeds in redressing his loss through the available state remedies; it is the existence of these alternate remedies that bars him from pursuing a § 1983 procedural due process claim.'" Hupp v. Cnty. of San Diego, 2016 WL 11758807, at *8 (C.D. Cal. Sept. 27, 2016), report and recommendation adopted, 2016 WL 11759108 (C.D. Cal. Nov. 9, 2016), aff'd, 778 F. App'x 479 (9th Cir. 2019) (quoting Hutchison v. Marshall, 2011 WL 862118, at *9 (C.D. Cal. 2011)); see also Dennison v. Ryan, 522 F. App'x. 414, 418 (9th Cir. 2013) (finding prisoner's inability to access grievance procedure regarding property loss does not render post deprivation remedy inadequate). As explained by Justice Kennedy, "[i]n the ordinary case where an injury has been caused not by a state law, policy, or procedure, but by a random and unauthorized act that can be remedied by state law, there is no basis for intervention under section 1983, at least in a suit based on 'the Due Process Clause of the Fourteenth Amendment *simpliciter*.'" Albright v. Oliver, 510 U.S. 266, 284-85 (1995) (Kennedy, J. concurring).

Second, plaintiff contends that his state tort claim can be joined together with his federal lawsuit. However, violation of state tort law, state regulations, rules and policies of the CDCR, or other state laws are not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995) ("It is well settled that section 1983 "provides a

cause of action for violations of federal statutes as well as the Constitution."). While the Court may exercise supplemental jurisdiction over related state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. As pled, plaintiff's original complaint failed to state a cognizable federal civil rights claim.

Third, for plaintiff to state a cognizable tort claim under state law, he is required to allege timely compliance with the presentment of claims requirements of the California Government Claims Act. See Cal. Gov't Code §§ 945.4, 950.2; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

The Act's claims presentation requirements apply to state prisoners. Cal. Gov't Code § 945.6(c). "Before a civil action may be brought against a public entity [or public employee], a claim must first be presented to the public entity and rejected." Ocean Servs. Corp. v. Ventura Port Dist., 15 Cal. App. 4th 1762, 1775, 19 Cal. Rptr. 2d 750 (1993); Cal. Gov't Code § 945.4 (generally barring suit "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board"). Claims for "injury to person or to personal property" must be presented within six months after accrual. See Cal. Gov't Code § 911.2(a); City of Stockton v. Superior Court, 42 Cal. 4th 730, 738, 68 Cal. Rptr. 3d 295 (2007). A claimant who misses the six-month limitations deadline may file a written application with the public entity for leave to present the late claim within one year of the date of accrual of the cause of action, stating the reason for the delay. Cal. Gov't Code § 911.4. The claimant has six months after a denial of the application to file a petition in the Superior Court for an order relieving the claimant of section 945.4. Cal. Gov't Code § 946.6.

Here, plaintiff's original complaint does not allege timely and proper compliance with the claims presentation provision of the Government Claims Act. (ECF No. 1.) With the instant request, plaintiff provided a copy of his government tort claim. (ECF No. 8 at 13.) Plaintiff mailed his government claim form on May 31, 2022. (ECF No. 8 at 4, 15.) Liberally construing plaintiff's loss of property date as November 24, 2021, the date he was informed that his property was gone (ECF No. 8 at 3), his tort claim was due on May 24, 2022. "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that

entity." City of Stockton, 42 Cal. 4th at 738 (citation and internal quotations omitted). "Compliance with California's claim filing statute is . . . an element of a cause of action against the state." United States v. State of Calif., 655 F.2d 914, 918 (9th Cir. 1980) (citations omitted). "Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." Rubenstein v. Doe No. 1, 3 Cal. 5th 903, 906, 221 Cal. Rptr. 3d 761 (2017) (citation and quotations omitted).[1]

In addition, within the tort claim, plaintiff concedes that the claim was submitted beyond the six month deadline "due to the 602 process." (ECF No. 8 at 13.) However, the "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act. McCoy v. Torres, 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, 2021 WL 111748 (E.D. Cal. Jan. 12, 2021) (citing McPherson v. Alamo, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing Parthemore v. Col, 221 Cal. App. 4th 1372, 1376 (2013); see also Martinez v. Tilton, 2013 WL 5670869, *3 (E.D. Cal. 2013) ("the prison's inmate appeals process and the Government Claims Act process are separate processes and there is no support for a finding that the allegedly improper cancellation of Plaintiff's inmate appeal had any effect whatsoever on his ability to timely present his Government Claims Act claim.")).

Finally, plaintiff argues that the "law of conversion" allows him to bring his property claim in federal court. (ECF No. 8 at 5.) To the extent plaintiff intends to raise a conversion claim under the Fourth Amendment, such effort also fails.

> In particular, the fourth amendment does not protect an inmate from the seizure and destruction of his property. Hudson, supra, 468 U.S. at 528 n. 8, 104 S. Ct. at 2808 n. 8. Hence it cannot protect an inmate from the conversion of his property. See id. at 537-40, 104 S. Ct. at 3205-07 (O'Connor, J, concurring) (because prison officials are

---

[1] A plaintiff who has failed to comply with the government tort claim filing or late filing provisions may petition for judicial relief under California Government Code Section 946.6. To obtain such relief, a plaintiff may make a petition to the proper court for an order relieving the petitioner from California Government Code Section 945.4. This court is not the proper court to hear a section 946.6 petition. Rather, only state superior courts have been given the authority to grant relief pursuant to section 946.6(a).

>authorized indefinitely to dispossess inmates of their property, what happens to the property while in official custody is not a Fourth Amendment concern).

Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989); Stribling, 770 F. App'x at 830 (Fourth Amendment does not protect an inmate from the seizure or conversion of his property). Such a claim could be pursued in state court. "A conversion can occur when a willful failure to return property deprives the owner of possession." Fearon v. Dep't of Corr., 162 Cal. App. 3d 1254, 1257, 209 Cal. Rptr. 309, 312 (Ct. App. 1984) (prisoner stated claim for conversion of belt buckle which was not returned to him on demand when he was released on parole). Under California law, the "elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." Hanover Ins. Co. v. Fremont Bank, 68 F. Supp. 3d 1085, 1100 (N.D. Cal. 2014) (quoting Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1066 (1998)).

Because the remedy plaintiff seeks is adequate under California law, plaintiff's allegations fail to state a cognizable federal civil rights claim for the alleged unauthorized and intentional deprivation of plaintiff's property. Thus, upon reconsideration, the undersigned affirms the initial screening order (ECF No. 7).

Extension to Amend

Plaintiff's original complaint was dismissed, and plaintiff did not file an amended complaint. Therefore, in an abundance of caution, plaintiff is granted an extension of time to file an amended complaint that complies with the court's screening order.

Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for reconsideration (ECF No. 8) is granted.

2. Upon reconsideration, the screening order (ECF No. 7) is affirmed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  August 31, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dunn0309.rec

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DUNN,<br><br>                Plaintiff,<br><br>     v.<br><br>F. RODRIGUEZ,<br><br>                Defendant. | No.  2:23-cv-0309 KJN P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed April 24, 2023.

DATED: _____                    Amended Complaint

                                                    _____
                                                    Plaintiff